FRANKLIN,
January,
1836.

LUCY GAFFERY *vs.* ALVIN AUSTIN.

A *married* woman cannot sustain a prosecution under the statute relating to "bastards and bastardy," for the purpose of compelling the father of a child, begotten and born during the coverture, to contribute to its support, even by showing total want of access of the husband of such woman.

Such case is one not provided for by the statute.

This is a prosecution under the statute "relating to bastards and bastardy." The defendant moved to quash the proceedings on the ground that the complainant was a married woman, both at the time of the conception and of exhibiting her complaint. The plaintiff replied "want of access" of the husband, to which there was a general demurrer and joinder, and the court below quashed the proceedings.

*Mr. Stevens for defendant.*—The defendant contends that the statute, upon which this prosecution is founded, does not authorize a justice of the peace to issue a warrant on the complaint of a married woman.—Statute 366.

A married woman cannot maintain any suit or prosecution without joining her husband.—2 Wils. 3, *Roberts* vs. *Pierson*—2 Black. 1079, *Hatchett* vs. ———.

A married woman cannot be allowed to bastardize her issue.— Cowper 592.—1 Mass. Stat. 299.

*Mr. Smith for plaintiff.*—1. The section of our statute under which this prosecution was commenced, is an exact transcript of the statute of 6th George 2d, Chapter 31, which provides, "that if any single woman shall be delivered," &c.—1 Ba. Abr. 319 and 20, title Bastardy.

In the *King* vs. *Luffe*, 8th East. Rep. 204, the court say, that when a child is born out of lawful matrimony—that is, out of the limits and rights belonging to that state—it is the same in substance as the question whether it be a bastard, and that a child born by adulterous interourse, is as much within the provisions of the act of Geo. 2d, as one which is born of a single woman. The cases of the *King* vs. *Reading* and the *King* vs. *Bedale*, were both after the statute of Geo. 2d, and yet no objection. It is a consequence which follows of course from establishing the bastardy of the child, that it was born out of lawful matrimony, in the proper sense of those words as applied to the subject matter.

In Pennsylvania it has been decided, that when the husband has access to the wife, no evidence short of absolute impotence of

FRANKLIN,
January,
1836.

Lucy Gaffery
vs.
Alvin Austin.

the husband, is sufficient to convict a third person of bastardy with the wife.—*Commonwealth* vs: *Shepard*, 6 Binney 283. Refered to in 2d Starkie 219, in note.

2. It is contended, that the proceeding in case of bastardy, under our statute, so far partakes of the nature of a criminal proceeding, that the complainant being a *feme covert*, forms no objection to a proceeding in her name. The statute requires the complaint to be in writing and on oath by the mother of the child, and from the nature of the facts required to be stated in the complaint, no other person but the mother could make the complaint.

In North Carolina it has been decided, that a married woman may make the oath required by statute, accusing a man of being the father of a bastard child, begotten before her marriage.—*Wilkie* vs. *West*, 1 Murphy 319. Refered to note in 2d of Starkie, 220.

Again: The proceeding is not designed to secure a compensation to the mother, but simply to compel the father to aid in the support of the child. This is apparent from the fact, that the overseers of the poor of any town, which is charged or likely to be charged with the support of the child, may either commence a prosecution already commenced by the mother.

The opinion of the court was delivered by

REDFIELD, J.—The only question decided is, whether a married woman can sustain a prosecution under our statute relating to bastards and bastardy, for the purpose of affiliating a child conceived and born during coverture, by proving total want of access of the husband.

No doubt such offspring is illegitimate and bastard. It is well settled at common law, that the issue may be bastardized, although born during coverture, by showing want of access, immaturity or imbecility of the husband, or any other cause which renders it impossible he should have been the father of the child; but want of access cannot be proved by the wife.—*King* vs. *Inhabitants of Ren*, 1 East. 132—*King* vs. *Reading* and *King* vs. *Bedale*, cited 4 Petersdorff 180—*Thomson* vs. *Saul*, 4 T. R. 356—*Rex* vs. *Luffe*, 8 East. 199—*Dor ex. dem. of Lomox* vs. ——— *et al.* 2 Strange 940—See also 4 Petersdorff 175-6-7.

The cases above cited show too, that a prosecution under the English statutes upon this subject, may be sustained on the complaint of a married woman. But the prosecution there is always in the name of the King and for the benefit of the parish likely to

FRANKLIN,
January,
1836.

Lucy Gaffery
*vs.*
Alvin Austin.

become chargeable, and in no event can the mother ever derive any advantage from it. If the person accused gives sufficient security to indemnify the parish, the prosecution ceases. And although the English statute of 6 Geo. 2d contains a provision in terms similar to our own, that the proceedings shall be upon the complaint of a "single woman," yet, as that statute was passed in aid of the 18th of Elizabeth, upon the same subject, they have received the same construction.

During the reign of Elizabeth, incontinence seems to have received very just reprobation, and to have been viewed with more than usual horror. The very title of the statute of the 18th of Elizabeth would seem to indicate this : "An act concerning bastards begotten and born out of lawful matrimony, an offence against God's law and man's law." From a view of both statutes, the English courts say, that a married woman who becomes the mother of a bastard child, is *quasi* a "single" woman, at least *qoad hoc*; and that every child begotten in violation of the just obligations of the nuptial rights, is "begotten" and "born" "out of lawful matrimony." This is most evidently a forced and unnatural construction, and resorted to for no better reason than to cover a *casus omissus* in the statute. And such a construction is surely quite allowable with reference to both statutes, and when the nature and object of the prosecution in Britain is considered.

But here the prosecution, although in form criminal, is in fact a civil remedy in favor of the mother, to compel the father to contribute to the maintenance of the child. As such the process is amendable and must be presented by guardian or *prochin ami.* If the plaintiff is an infant, bonds for cost are required and the proceedings are held in all respects to be in their nature civil.—This being the case, it is enough for us to enquire whether the statute gives any such remedy in the case of a married woman. For we cannot provide remedies which the law has not. And the terms of our statute upon this subject, are very explicit : "When any *single* woman shall be delivered of a bastard child." The term "single woman" is here most evidently used in contrast with and a direct antithesis of "married woman." How, then, can this court say the terms are synonymous, or that the former includes the latter ? This would be doing violence to every principle of sound construction, and must assuredly outrage and defeat the intention of the legislature, as expressed in the unequivocal terms of this statute. We might almost as well decide that the term "single" was used to distinguish *one* from many, (as it sometimes is

indeed as that it signified married. Argument or illustration of a proposition, so palpable to sense and so obvious to perception, is labor lost. The terms of the statute, measured with reference to the subject matter, is the only sure basis of construction. Beyond this all is limitless conjecture and judicial legislation.

*The judgment of the county court is affirmed.*