State *v.* Wing.

---

THE STATE *versus* WING *&* al.

It is not strictly legal for a defendant, in a criminal suit in the District Court, to file exceptions both to the rulings of the Judge at the trial and to his rulings upon a motion in arrest of judgment.

Where, in such a suit in that court, exceptions are filed, both to the rulings at the trial and to the rulings on the motion in arrest, this court will hold the former exceptions to have been withdrawn or waived, and will act only upon the latter.

In a motion in arrest, it is requisite that the causes for the arrest be specified.

EXCEPTIONS from the District Court, RICE, J.

Indictment for a riot. The defendants objected to the admission of certain testimony, and also moved the court to arrest the judgment after verdict, though without specifying any reason for the arrest. The testimony was admitted, and the motion in arrest was overruled. To the admission of the testimony and to the overruling of the motion, the defendants filed exceptions.

*H. W. Paine*, for the defendants.

*Vose*, County Attorney, for the State.

SHEPLEY, C. J., orally. — The exceptions in this case were taken to certain rulings of the Judge of the District Court, during the progress of the trial before the jury, and also to his rulings on the defendants' motion in arrest of judgment after verdict.

Such exceptions have been so frequently presented as to call for a distinct examination of their allowability.

The authority to file exceptions from the District Court in criminal cases, is given by R. S. chap. 172, sect. 40. The mode of procedure is to be the same as is prescribed for civil suits. Chap. 97, sect. 19.

This last named section, taken in connection with its preceding section, to which it refers, provides, that when exceptions are allowed, all further proceedings in that court shall be stayed, *except* that the trial, if before the jury, may proceed to verdict. This language supposes that exceptions for causes, *occurring* before verdict, are *taken and allowed* before verdict. And although they may not be put into their final form, until *after* verdict ; yet they are to be taken as constructively made *before* the verdict, as occasions therefor were supposed to arise. Else, why does the statute allow the case to proceed to verdict, *notwithstanding* the exceptions? Hence, when the verdict is affirmed, all further proceedings must be stayed. The signing of the exceptions, already allowed constructively, is not to be viewed as a further proceeding. It is but merely the authentication of what had been previously done. After affirmation of the verdict, when exceptions have been thus allowed, the District Court can proceeed no further ; can take no new action, nor hear any new motion. How is it, then, that in such cases, motions in arrest of judgment are made, argued, acted upon and excepted to ? Where is the authority for such proceedings? They are forbidden by the statute. While the exceptions, already taken, are unwaived, such motions in arrest, and all the decisions of the District Court thereon, together with the exceptions to such decisions, must be considered merely void. There is an incongruity between motions in arrest and exceptions taken at the trial. *Such exceptions* suppose that, upon the allegations of the indictment, the verdict was *erroneously* obtained ; the *motion* supposes it was *rightly* obtained. The *exceptions* claim to *set aside* the verdict ; the *motion* acquiesces in its affirmance. The exceptions present the verdict as an injury to the defendant ; the motion considers it harmless, and that, taken in connection with the whole record, it furnishes no ground for judgment against the defendant.

As exceptions taken at the trial and exceptions taken to the rulings upon the motion in arrest, are incompatible, it must be held, that both be dismissed, or that the one or the other have been withdrawn or waived. If it should be held that either of the exceptions have been withdrawn, it is reasonable to consider that those taken first in order of time are the ones withdrawn. For, where a later proceeding must, in its own nature, vacate an earlier one, the later one must be presumed to be the one relied upon.

And it is the conclusion of the court to hold, in all such cases, that the exceptions, taken at the trial, are withdrawn or waived, leaving for the action of the court only the exceptions taken to the rulings in arrest of judgment. The defendant is considered as having virtually said to the Judge, "there is a new matter, on which I choose to rely. But, as the exceptions which I have filed would prevent me from presenting it here, I withdraw them, and pray the action of the court on the new matter." The Judge assents, and acts upon the new matter, which is the motion in arrest. Whether he does or does not arrest the judgment, it would, after that proceeding, be absurd to revive the former exceptions.

We are then, in this case, brought to consider the motion in arrest. But no cause for it is stated. The motion was a call upon the Judge to exercise his legal ingenuity and intellectual acumen to ferret out some possible ground for granting the motion. But he was under no such obligation.

*Motion overruled.*