COMMONWEALTH *vs.* SETH H. BRETTUN.

An indictment for larceny of "one promissory note of the value of three hundred dollars, and one piece of paper of the value of three hundred dollars, of the goods and chattels of A. B.," is sufficient without a fuller description of the stolen property; although there was evidence before the grand jury which would have enabled it to be more fully described.

INDICTMENT for larceny of "one promissory note of the value of three hundred dollars, and one piece of paper of the value of three hundred dollars, of the goods and chattels of James H. Anthony." In the superior court, before the jury were impanelled, the defendant filed a motion to quash the indictment for the reason that no sufficient description was given of the promissory note, nor any description of the piece of paper, but *Brig-*

---

*ham,* J., overruled the motion. At the trial, it was admitted that the promissory note and the piece of paper were the same; and Anthony, being called as a witness, testified to the date of the note, the names of the maker, payee and indorser, and the time on which the note was made payable, and " produced his note-book, in which were many entries of notes discounted by him for sundry persons, and this note was duly entered among them; and it appeared that the note-book containing these entries was before the grand jury who found the indictment." The defendant was found guilty; and alleged exceptions.

*G. White,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth, cited Gen. Sts. *c.* 161, § 18 ; *Rex* v. *Milnes,* 2 East P. C. 602; *The King* v. *Johnson,* 3 M. & S. 539 ; St. 15 Geo. II., *c.* 13, § 11 ; *Commonwealth* v. *Richards,* 1 Mass. 337; *Commonwealth* v. *Stebbins,* 8 Gray, 496; *Commonwealth* v. *Sawtelle,* 11 Cush. 142; *Larned* v. *Commonwealth,* 12 Met. 245, 246; *People* v. *Kent,* 1 Doug. (Mich.) 46 ; *Regina* v. *Perry,* 1 C. & K. 725 : *Rex* v. *Mead,* 4 C. & P. 535; *The King* v. *Clarke,* 2 Leach, 1036 ; 2 Bishop Crim. Law, § 783, and cases cited.

CHAPMAN, C. J. Promissory notes are made the subject of larceny, by the Gen. Sts. *c.* 161, § 18. Therefore they may be described in the same manner as other things which have an intrinsic value; that is, by any description applicable to them as a chattel. *The King* v. *Johnson,* 3 M. & S. 547. On the authority of this case, it is not necessary to add to the description the words " for the payment of money." It is objected, that, if so general a description is held to be sufficient, the defendant has no adequate protection against a second indictment for the same offence. But the protection is the same as in other similar cases. If, for example, one is indicted for stealing a sheep belonging to a flock, it is not necessary to make the description more particular than this. An indictment is also good which alleges a larceny of a piece of paper, alleging its value, without any further description. See cases cited for the Commonwealth.

*Exceptions overruled.*