## STATE *vs.* SALLY MORRISSEY.

### Cumberland.   Opinion December 12, 1879.

*Indictment.   Pleading.*

Where the statutory form is used for an indictment of murder, and there is added thereto the allegation that the accused committed an assault upon the deceased, the particular means by which the assault was committed need not be set forth,—although in such case the government would be bound to prove that the murder was committed by force of some kind. *State* v. *Verrill,* 54 Maine, 408, re-affirmed.

In an indictment for infanticide, although convenient and advisable when it can be safely done, it is not indispensable that the sex of the murdered child be stated even though its name be unknown or it has no name.

ON EXCEPTIONS, from superior court for Cumberland county.

Indictment alleging "that Sally Morrissey of Portland, single woman, on  .  .  .  at Portland  .  .  .  being pregnant with a male child, did then and there bring forth the said male child alive of the body of her the said Sally Morrissey, alone and in secret, which said male child so being born alive, was by the laws of said state a bastard.   And that afterwards, to wit, on the same seventeenth day of October, in the year of our Lord one thousand eight hundred and seventy-eight, she the said Sally Morrissey with force and arms, at Portland, in said county of Cumberland, in and upon the said male child in the peace of said state then and there being, feloniously, wilfully and of her malice aforethought, did make an assault, and the said male child, she the said Sally Morrissey, did then and there, feloniously, wilfully and of her malice aforethought, kill and murder, against the peace of said state and contrary to the form of the statute in such case made and provided."

"And the jurors aforesaid upon their oaths aforesaid do further present that said Sally Morrissey otherwise known by the name of Sarah Welch, single woman, on the seventeenth day of October in the year of our Lord, one thousand eight hundred and seventy-eight, at Portland, in said county of Cumberland, with force and arms in and upon an infant child by name to said jurors unknown, in the peace of said state, then and there being, felon-

iously, wilfully and of her malice aforethought, did make an assault, and the said infant child then and there feloniously, wilfully and of her malice aforethought, did kill and murder against the peace of said state, and contrary to the form of the statute in such case made and provided."

A general demurrer to the indictment was filed by the respondent, joinder made by the state, the demurrer overruled, and the indictment adjudged good ; whereupon the respondent alleged exceptions.

*T. H. Haskell,* (county attorney) for the state.

*C. P. Mattocks,* for the respondent.

This is an indictment for murder containing two counts, the first alleging the secret delivery and murder of a bastard child ; the second alleging simply the murder of an infant child, not stating the sex. The accused demurred. Neither the general verdict of a jury nor the plea of guilty are sufficient to indicate the degree of murder. *State* v. *Cleveland,* 58 Maine, 564.

The Mass. statute had no such provision as our own when *Green* v. *Commonwealth,* 12 Allen, 155, was decided. The fact that the punishment for murder in the first and second degree is now the same, does not deprive the accused of the right to have the degree of his crime judicially determined.

Neither count sets out the manner or means of the death, and neither follows the statute. R. S., c. 134, § 7.

Both counts contain an allegation of an assault which was not a necessary allegation under our statute. In all the old precedents which have the element of violence an allegation of an assault is included in the other allegations. 2 Bish. Crim. Proc. § 516, § 538. 1 Whar. Prec. (229.)

But where no violence is used as in cases of poisoning, the allegation of an assault is omitted. Id. (125.) 2 Bishop's Crim. Proc. § 553-4.

In the case at bar, the prosecuting officer having departed from the simple allegation allowed by statute, and having alleged an assault as the means of the killing, was bound to give the particulars thereof. The accused could not have been convicted of

murder by poison, under this indictment, because the language of the indictment negatives a killing by any means except by violence, nor could the accused have been convicted of murder by violence because the pleader having alleged an assault generally and no more, could not be allowed to prove particular acts of violence.

Until the decision in *Com.* v. *Webster*, 5 Cush. 295, it was the general opinion of the courts that the manner and means must be set out. That case merely decides that where manner and means are unknown they may be omitted if the indictment states that they are unknown. The statute of Maine enacted in 1865, (R. S., c. 134, § 7,) allows this omission in all cases. *State* v. *Verrill*, 54 Maine, 408.

But does not preclude the use of the old precedents.

In *State* v. *Verrill*, it was not contended that the indictment did not conform to the statute (p. 413).

In our practice as also under the common law, it is not necessary to prove that the death was occasioned by the instrument described, but it is sufficient if shown to have been caused by an instrument of similar character. 2 Arch. Crim. Prec. 207. *State* v. *Smith*, 32 Maine, 373.

The second count alleges the murder of an infant child, whose name is unknown. The sex of the child is not stated, nor does the indictment state that the sex was unknown. Nor, indeed, can we discover any reason for omitting to state the sex. It is believed that no precedent can be found in which both name and sex have been omitted. The greatest practicable particularity is required in designating the person killed or injured.

In all indictments for the murder of children which we can find, the sex is stated. *R.* v. *Mary*, 2 M. & Rob., 38. *R.* v. *Hicks*, 2 *Ib.* 302. See also cases, 1 Whar. Prec. (2.)

PETERS, J. The first count is the copy of a form provided by an English statute (St. 14 and 15, Vict. c. 100, § 4); adopted by our legislature (Laws 1865, c. 329); approved and sustained by this court (*State* v. *Verrill*, 54 Maine, 408); with this difference, that in the statutory form the allegation does not appear, as it does in this indictment, that the prisoner "made an assault upon

the deceased." The wisdom of the statute we have no doubt of.· There was. no part of criminal pleading so difficult, as to safely and correctly describe in an indictment the means and ' manner by which a murder was committed. The declaration of Sir Matthew Hale seemed to be justified when (2 Pleas C. 193) he said that "over-grown curiosity and nicety has become the disease of the law, and more offenders escape by the over easy ear given to. exceptions in indictments, than by their own innocence." Under this general mode of alleging the crime, a court can order such specification of details and particulars as may be proper, and allow amendment or alteration thereof, without imposing hazards upon the state or inflicting injury upon the prisoner. We accept the occasion to express our opinion of the correctness of the decision in *State* v. *Verrill*, and to affirm the same.

It is contended that, inasmuch as an assault is alleged in this indictment, not in accordance with the statutory form but additional thereto, the particular means by which the assault was committed must be set out. It is claimed that in *State* v: *Verrill* this point was not presented. If the indictment be good without such unnecessary allegation, it must be as good with it. The pleader adding words to what was complete before, only requires him to prove all that he has alleged. He is required to prove the murder to have been committed by force. But it does not follow because he has alleged more than is needful, that he is in a dilemma of not having alleged enough. He is not required to spread out his general averment of assault into particulars.· *State* v. *Noble*, 15 Maine, 476. *State* v. *Smith*, 32 Maine, 369.

We think the second count sufficient. We have seen no precedent of indictment that omits an allegation of the sex of the infant child, nor has any case come to our notice which decides that the allegation is necessary.· Mr. Wharton in his Criminal Precedents remarks that the averment is necessary. But why necessary ? The law requires a person to be described by his name. We take it that if an infant has a name, there would be no more occasion for averring the sex than in any other case. But it is laid down as a rule that, the name being unknown, it is

sufficient to aver the name of the killed or injured person to be unknown. The law requires that an indictment shall be so certain as to the party against whom the. offense was committed, as to enable the prisoner to understand who the party is, and upon what charge he is called upon to answer, as to prevent the prisoner from being put in jeopardy a second time for the same offense, and as will authorize the court to give the appropriate judgment on conviction. What would it practically add, in these respects, to the rights and safety of the accused in this case to have the sex alleged? In a criminal proceeding, the allegation of name is enough though there may be more than one person of the same name in the same place. *State* v. *Grant*, 22 Maine, 171. It is enough to allege the name to be unknown, although the grand jury might have ascertained what the name was. *Com.* v. *Stoddard*, 9 Allen, 280. An indictment need not describe, by an addition, the person upon whom an offense is committed. *Com.* v. *Varney*, 10 Cush. 402. In Bac. Ab. (Indictment G.) it is said, "Sometimes it may be convenient, for distinction sake, to add it," but not essential, "for it is sufficient if the indictment be true, viz, that J. S. was killed or robbed, though there are many of the same name." The tendency of modern decisions is to less strictness than formerly in describing persons and properties in indictments. If it is sufficient to describe a man by his name alone without an addition, when there are many others of the same name, or allow the person to be nameless in a presentment of the grand jury because they do not know what the name is, although they could have ascertained it by some painstaking, we think it can be no stretch of legal principle, to say that in the case at bar it is not essential that the sex should have been stated. *Com.* v. *Brettun*, 100 Mass. 206. *Com.* v. *Campbell*, 103 Mass. 436. *Com.* v. *Strangford*, 112 Mass. 289.

*Demurrer overruled.*

APPLETON, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.