250

ROBERT C. THOMPSON, PETITIONER

FOR WRIT OF HABEAS CORPUS.

Knox.   Opinion, June 11, 1945.

*C. S. Roberts,*

*F. Harold Dubord,* for the petitioner.

*Ralph W. Farris,* Attorney General,

*Abraham Breitbard,* Deputy Attorney General, for the State.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-CHIE, CHAPMAN, JJ.

HUDSON, J.  The petitioner, Robert C. Thompson, was indicted for the crime of manslaughter at the April term,

1944, of the Superior Court holden at Belfast in Waldo County in this state. Upon arraignment he pleaded not guilty, which plea he retracted and pleaded guilty. He was sentenced to hard labor for not less than five nor more than eight years in the State Prison at Thomaston, and was there serving sentence when he filed this petition for habeas corpus, claiming unlawful imprisonment therein. Upon hearing, his petition was dismissed, to which ruling the exceptions now before us were taken. His counsel state: "The sole issue is the legality and sufficiency of the indictment."

In the indictment the grand jurors did "present that Robert C. Thompson of Belfast, in said County of Waldo, at Stockton Springs in said County of Waldo, on the ninth day of April in the year of our Lord one thousand nine hundred and forty-four, with force and arms, at Stockton Springs, aforesaid, one Gerald Murphy of said Stockton Springs, in said County of Waldo, then and there feloniously did kill and slay, against the peace of said State and contrary to the form of the Statute in such case made and provided."

The statute on which this indictment was based reads as follows:

" . . . It is sufficient in every indictment for murder, to charge that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased; *and for manslaughter, to charge that the defendant did feloniously kill and slay the deceased, without, in either case, setting forth the manner or means of death.*"
R. S. 1930, Chap. 146, Sec. 7. (Italics ours.)

It is not claimed that the indictment does not conform to the statute, but rather that the statute offends Article VI of the Amendments of the Constitution of the United States according the accused the right "to be informed of the nature

and cause of the accusation"; Section 6 of Article I of the Constitution of Maine providing that the accused shall have the right "To demand the nature and cause of the accusation, and have a copy thereof"; and Section 7 of Article I of the Maine Constitution providing that "No person shall be held to answer for a capital or infamous crime, unless on a presentment or indictment of a grand jury," with certain exceptions therein mentioned but not here pertinent.

Assuming without deciding that the constitutionality of this statute may be determined in this habeas corpus proceeding rather than by writ of error, the petitioner's exceptions must be overruled unless this court now declares the aforesaid statute to be unconstitutional which many years ago it held constitutional as to indictments both for murder and for manslaughter.

In *State* v. *Verrill*, 54 Me., 408, decided in 1867, wherein the indictment based on this statute was for murder, this court, in an able and exhaustive opinion, the reasoning of which has lost nothing with the passing of years, held the statute constitutional and the indictment legal. Objection was made that the indictment in the statutory form did not set out the manner in and the means by which the alleged murder was effected or accomplished. The court said on pages 411 and 412:

> "Formerly, in capital cases, this was held to be necessary, though in crimes of a lower grade it was not. . . . This mode of framing indictments in the higher crimes may be considered, therefore, as having been established rather by precedent and authority than by any legal principle involved. It was, however, soon found that this method served rather to secure the escape of the guilty than the accomplishment of justice. It was often difficult, and sometimes impossible for prosecutors to ascertain the means by which a

murder had been effected, when the testimony left no doubt as to the guilty party. In such case the indictment must necessarily be drawn in a great measure from conjecture, and the chances for the escape of the guilty party were greatly increased from the liability of the failure, or variance of the proof as to some of the allegations."

Then added at the bottom of page 413:

"But, to relieve this matter of all doubt, our Legislature wisely enacted the law of 1865, c. 329," later R. S. 1930, Chap. 146, Sec. 7, and now R. S. 1944, Chap. 132, Sec. 11.

It was held in the *Verrill* case, supra, that the Constitution requires "simply, that all the elements of, or facts necessary to, the crime charged, shall be fully and clearly set out," and then the court said:

"It requires no argument to show that 'the manner in which and the means by which' a crime has been committed, are no part of the crime itself. . . . As the law of 1865 requires all that the constitution requires, and, as a strict compliance with its provisions tends to the advancement of justice, there can be no reason for pronouncing it invalid."

"By the common law, felonious homicide is the killing of any human being without justification or excuse. 4 Black. Com. 188. It is divided into manslaughter and murder. Manslaughter is the unlawful killing of another without malice aforethought either express or implied . . . . 4 Black. Com. 191.

"Murder is where a person of sound memory and discretion unlawfully kills any human being in the

peace of the State, with malice aforethought either express or implied. 4 Bl. Com. 195."

*State* v. *Conley,* 39 Me., 78, 87.

All of the necessary elements comprising murder and manslaughter as defined at common law are contained in said Sec. 7 of Chap. 146, R. S. 1930.

In *State* v. *Smith,* 65 Me., 257, the respondent was indicted for manslaughter. There were three counts. In the first the manner and means were set forth. On page 266 the court stated: "But such allegations are now unnecessary under the provisions of R. S., c. 134, Sec. 7," the statute now under consideration. In the third count the charge was in the short statutory form, and as to it the court said on page 266:

"The defendant's objections to the third count are futile. Similar objections were made and overruled in *State* v. *Verrill,* 54 Maine, 408."

But counsel for the petitioner claim that the decision of the court as to the legality of the short form in Count 3 was only obiter dictum. Not so, because the court found both Counts 1 and 3 constitutional. It can no more be said that the holding on Count 3 is obiter dictum than that on Count 1.

In *State* v. *Morrissey,* 70 Me., 401, the indictment being for murder, objection was made to its legal sufficiency in the abbreviated form. But the court upheld it and stated on page 404:

"We accept the occasion to express our opinion of the correctness of the decision in *State* v. *Verrill,* and to affirm the same."

The petitioner concedes that the statute in providing the short form of an indictment for murder is constitutional. His

argument is that, malice aforethought being an essential element in murder and not in manslaughter, it is not necessary to allege the manner and means in murder indictments but only in manslaughter, because in murder "the means by which the killing was accomplished became of minor importance and form no part of the crime."

But regardless of their individual importance, all essential elements of the crime, whether of murder or manslaughter, must be set forth in the indictment to meet constitutional requirements. The greater importance of one particular element than that of another will not warrant the omission of the less important, for all necessary elements, even though of varying importance, must be alleged. The distinction claimed by the petitioner was not noted in the *Verrill* case, supra, the *Smith* case, supra, nor the *Morrissey* case, supra, we believe because there is no such valid distinction.

It is also argued that we have many statutes providing for the crime of manslaughter under special circumstances and that the abbreviated form in our statute would not inform the accused of the nature and the cause of the accusation. In the opinion in the *Verrill* case, supra, it is stated on page 414:

> "There are cases where an act may be criminal or otherwise, according to the circumstances under which it is done. If made criminal by the circumstances, then they become constituent elements of the crime and must be set out. Otherwise they are not a part of the crime and need not be set out."

We hold, with reference to statutory manslaughter, that it is only when the statute embraces within it special circumstances making that criminal which would not otherwise be criminal that such circumstances become constituent elements of the crime and must be set out in the indictment.

Nothing in this record reveals the omission of any such circumstances. Hence it was not necessary in this indictment to allege the manner in and the means by which the crime was committed.

From our examination of the cases outside of this jurisdiction, we find that the greater weight of authority is in accord with the law so long ago established in this state.

> "At common law and under the statutes in certain jurisdictions the manner and means of the killing, if known, must be alleged, and if not known that fact must be stated; *but under the statutes in force in many jurisdictions such averments have been dispensed with, and such statutes do not deprive the accused of any of his constitutional rights.*" 40 C. J. S., 1041, Sec. 150, a. (Italics ours.)

The law is stated to the same effect in 26 Am. Jur., 326, Sec. 246:

> "It is well established that the legislature has the power not only to enact laws defining offenses and their punishment, but also to prescribe the forms of indictment whereby they shall be prosecuted. This power is unlimited except in so far as it is restrained by the state or Federal Constitutions giving to an accused the right to demand 'the nature and cause of the accusation against him.' A statute cannot, however, prescribe a form of an indictment or information which dispenses with allegations that are essential to reasonable particularity and certainty in the description of the offense. This principle, of course, applies in prosecutions for homicide. In such prosecutions, it has been held that a short form of indictment provided by

statute does not deny the accused the constitutional right of being advised of the nature and cause of the accusation. It has also been held that an indictment drawn according to a form prescribed by statute is sufficient, notwithstanding it fails to allege the means, manner, or circumstances of the killing."

And in Sec. 248, on page 328 of said 26 Am. Jur., it is stated:

"Both courts and legislatures have a tendency toward liberality, and according to modern authority, it is not necessary to aver more in the indictment than is sufficient to show the jurisdiction of the trial court, and to advise the defendant of the nature and cause of the accusation against him with such certainty as to enable him to plead a conviction or acquittal thereunder, in bar of another prosecution for the same offense."

Also see 26 Am. Jur., 337, Sec. 263.·

The allegations in the indictment under consideration showed the jurisdiction of the trial court and were set forth with such certainty as to enable the accused to plead a conviction or acquittal thereunder, in bar of another prosecution for the same offense.

We call particular attention to *Rowan* v. *State*, 30 Wis., 129, 11 Am. Rep., 559, for the reason that the opinion therein deals with the constitutionality of a statute almost identical with our statute, and also because of the uniqueness of expression and soundness of reasoning. In the *Rowan* case, in an information charging both murder and manslaughter in the language of the Wisconsin statute, conviction was of manslaughter. The Wisconsin statute provided that "in in-

dictments or informations for murder or manslaughter, it shall not be necessary to set forth the manner in which or means by which the death of the deceased was caused, but it shall be sufficient in any indictment or information for murder, to charge that the accused did willfully, feloniously and of his malice aforethought, kill and murder the deceased; *and in any indictment or information for manslaughter, it shall be sufficient to charge that the accused did feloniously kill and slay the deceased.*" (Italics ours.) It was claimed that this statute violated the Constitution in that it deprived the accused of the right "to demand the nature and cause of the accusation against him." The court stated:

"We do not perceive any thing in chapter 137 which deprives him of that right. The information plainly, substantially and formally describes the crime of murder and manslaughter. It does not contain all the verbiage and tautology found in the old forms. Nor do we think this necessary. The statements that the accused 'not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil,' with force and arms, at, etc., in and upon one — in the peace of God, etc., then and there being, etc., and many other allegations in the old forms of indictment no longer serve any valuable purpose, either for aggravation or embellishment. The safety and rights of the accused will not be compromised or endangered by the omission of all such useless averments or recitals. The information clearly states 'the nature and cause of the accusation' against the accused . . . . The means or method by which death was produced could not always be proven as laid in the indictment, and sometimes the variance was held to be fatal. It was doubtless to avoid the consequences

of a variance and for the purpose of dispensing with many useless averments in the old forms of indictment, that the legislature prescribed the forms found in this enactment. We can really see no substantial objection to this legislation."

For a period of eighty years since the enactment of our statute in 1865, general use of it has been made in the drawing of indictments for murder and manslaughter. We do not feel that we should now disrupt this practice so long maintained. This court still regards the statute constitutional and abides by the reasoning in the opinions in the *Verrill, Smith,* and *Morrissey* cases, supra, declaring its constitutionality.

*Exceptions overruled.*