STATE OF MAINE

*vs.*

CARL R. CHASE

Androscoggin.   Opinion, July 15, 1953.

*Alexander A. LaFleur, Attorney General,*
*Neal A. Donahue, Asst. Attorney General,*
*Edward J. Beauchamp,* for State.

*A. Alan Grossman,*
*Louis Scolnik,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, TIRRELL, JJ.

MERRILL, C. J. On exceptions. At the November 1952 Term of the Superior Court in Androscoggin County the respondent, Carl R. Chase, was arraigned, entered a plea of not guilty, was tried and found guilty of murder upon the following indictment:

"STATE OF MAINE

ANDROSCOGGIN, ss.

AT THE SUPERIOR COURT, begun and holden at Auburn, within and for the County of Androscoggin, on the first Tuesday of September in the year of our Lord one thousand nine hundred and fifty-two.

THE JURORS FOR SAID STATE upon their oath present that CARL R. CHASE, of Boston, Massachusetts, on the 27th day of August, 1952, at Auburn in the County of Androscoggin, one Alex Yoksus, alias Alex York, feloniously, wilfully and of his malice aforethought, did make an assault and him, the said Alex Yoksus, alias Alex York, wilfully and of his malice aforethought did kill and murder, against the peace of said State, and contrary to the form of the statute in such case made and provided.

A TRUE BILL

E. BEAUCHAMP ATTORNEY.

FOR THE STATE FOR SAID COUNTY.

G. L. WINSLOW FOREMAN."

After trial and before judgment Chase filed a written motion in arrest of judgment wherein he stated:—

"that the said indictment and matters therein alledged, in the manner and form in which they are therein stated, are not sufficient in law for any judgment to be rendered thereon, and the said in-

dictment is bad for it does not state that the said Carl R. Chase committed any crime or criminal act, in the following particulars, to wit:—

1. That it fails to set forth or state that a human being has been killed by any acts of the said respondent.

2. That is fails and does not state who killed or murdered;

3. That it does not state upon whom the assault was committed;

4. That it does not say or state that the assault was committed upon Alex Yorksus, alias Alex York;

5. That it does not say or state that Carl R. Chase, the respondent, did make an assault or kill or commit any murder upon Alex Yorksus, alias Alex York;

6. That it does not say or state that an assault was made upon any person;

7. That it does not say or state that anyone was killed and murdered;

8. That it does not set forth the crime of murder in the language of the Statutes of Maine as therein made and provided;"

The case is now before us on exceptions to the denial of said motion by the presiding justice.

Before entering upon a discussion of the present indictment the following general principles are to be borne in mind. In the early case of *State* v. *Carver*, 49 Me. 588 at 593, we stated:—

"A motion in arrest presents only the sufficiency of the indictment. *State* v. *Nixon*, 8 Verm., 70. It is equivalent to a demurrer, and can be sustained only when all that is alleged in the indictment may be true, and yet the person convicted not have committed any offence. *State* v. *Hobbs*, 39 Me. 212, and cases cited. And, even for defects which would be fatal to an indictment upon demurrer, if they

are such as are aided by a verdict, judgment will not be arrested after conviction. *Commonwealth v. Tuck*, 20 Pick., 356.

Nor will judgment be arrested for anything that could have been pleaded in abatement.

By pleading generally to the indictment the defendant admits its genuineness, and waives all matters that should have been pleaded in abatement. The decisions to this point, both in England and in this country, are numerous."

In *State* v. *Mockus*, 120 Me. 84 at 98, we said:—

"The ninth, tenth and eleventh requests relate to matters of pleading, and are based upon the omission of words which charge that the acts complained of were done wilfully, or maliciously, or feloniously. No attempt was made to take advantage of any matter of form by demurrer. It is too late to attempt such advantage by requested instructions after plea of not guilty and full trial upon the issues of fact. Having appeared generally and pleaded not guilty he thereby waived all objections to matters of form in the indictment except as they may be raised by motion in arrest of judgment. *State* v. *Regan*, 67 Maine, 380; *Commonwealth* v. *Henry*, 7 Cush., 512; *Commonwealth* v. *Gregory*, 7 Gray, 498."

Although one can find expressions in the opinions of this court that a motion in arrest of judgment is equivalent to a demurrer, there is an important distinction between the two forms of attack upon indictments which must be borne in mind and which are applicable to the issues of this case. Due to the fact that the statute of jeofails has no application to criminal pleadings, formal defects in indictments remain proper subjects of general demurrer, as at common law. *State* v. *Dunn*, 136 Me. 299, *State* v. *Mahoney*, 115 Me. 251. In the latter case we stated:—

" 'In criminal pleading there is no distinction between a general and special demurrer. Sts. 27 Eliz. 5, sec. 1 and 4 and 5 Anne, ch. 16, relate to

pleading in civil actions only. Formal defects in indictments and other criminal prosecutions remain proper subjects of general demurrer, as at common law. . . .' ''

To multiply authorities to this effect would serve no useful purpose. With respect, however, to motions in arrest of judgment, the rule is different. We said in *State* v. *Harvey,* 124 Me. 226 at 227:—

"Only such grounds as are assigned in the motion in arrest of judgment can be considered under the exception to its denial. A motion in arrest of judgment should specify the causes for which judgment should be arrested, and our review of the ruling below is controlled by the reasons stated in the motion. *State* v. *Donaluzzi,* 94 Vt., 142; *State* v. *Wing,* 32 Maine, 581; 2 Encyc. Pl. and Pr. 816; 16 C. J., 1264, and cases cited."

As said in *State* v. *Wing,* 32 Me. 581, *supra,* with respect to a motion in arrest of judgment which did not particularize the grounds upon which it was based, "The motion was a call upon the Judge to exercise his legal ingenuity and intellectual acumen to ferret out some possible ground for granting the motion. But he was under no such obligation."

In the instant case, the respondent pleaded not guilty, went to trial and was convicted. He did this without interposing either a motion to quash or a demurrer. His exceptions to the overruling of his motion in arrest of judgment must stand or fall upon the reasons therefor specified in said motion.

One group of objections to the indictment here involved are based upon the fact that the word *on* or *upon* was omitted before the words "one Alex Yoksus" and that consequently the indictment failed to set forth that the respondent Chase made an assault upon anyone and especially that it failed to allege that he made an assault upon Yoksus. The 3rd, 4th and 6th specifications, and so much of the 5th

specification in the motion for arrest of judgment as relates to assault, are based upon this omission and all relate to the defective allegation of making an assault.

It is further objected that the omission of the word *on* or *upon* with respect to the assault and the failure to allege the making of the assault upon Yoksus renders the rest of the indictment so unintelligible that it fails to set forth that anyone was killed or murdered or that Chase killed or murdered Yoksus. Specifications numbered 1, 2, 7 and so much of 5 as relates to the killing or murder of Yoksus are relied upon as raising this objection.

It is further objected that the indictment does not set forth the crime of murder in the language of the statutes of Maine as therein made and provided. This is specification No. 8.

Granting for the sake of argument that because the word *on* or *upon* is not inserted before the words "one Alex Yoksus," the allegation of an assault is fatally defective, it by no means follows that the indictment itself as an indictment for murder is likewise defective.

It is unnecessary in a murder indictment to allege the making of an assault by the accused upon the deceased. An indictment without an allegation of an assault is sufficient. An allegation of the assault is at most but a statement of the means by which the murder was accomplished, which need not be alleged in an indictment. R. S. (1944), Chap. 132, Sec. 11; *State* v. *Morrissey,* 70 Me. 401; *State* v. *Verrill,* 54 Me. 408. See also *State* v. *Smith,* 65 Me. 257 and *Thompson, Petitioner,* 141 Me. 250. It is true that these last two cases related to indictments for manslaughter, not murder. However, they both sustained the validity of the foregoing statute as declaratory of the common law and as non-violative of Section 6 of Article 1 of the Constitution of Maine.

In *State* v. *Morrissey, supra,* it was contended that an indictment for murder which contained an allegation of an assault upon the deceased by the accused was defective because it did not set out the means by which the assault was perpetrated. The court stated with respect to this contention, "If the indictment be good without such unnecessary allegation it must be as good with it. * * * But it does not follow because he has alleged more than is needful, that he is in a dilemma of not having alleged enough. He is not required to spread out his general averment of assault into particulars."

By the same token, if there be *no necessity for any allegation* of an assault in an indictment for murder, *a defective allegation* thereof does not vitiate the indictment. "A defective charge is no charge and may be rejected as surplusage." *State* v. *Leavitt,* 87 Me. 72 at 80.

The respondent in argument, however, urges that the rejection of the defective charge of an assault as surplusage might be prejudicial to him for, as he says, *State* v. *Morrissey,* 70 Me. 401 stands for the principle that if an assault be unnecessarily alleged in an indictment for murder, the State is required to prove the murder to have been committed by force. He further argues that if this defective averment be rejected as surplusage that he might have been taken by surprise in the event that the State had attempted to prove a murder not committed by force. The respondent in this case cannot blow both hot and cold with respect to this averment. He cannot on the one hand allege its invalidity as the basis for rendering the indictment void, and on the other assert its validity to show that he might be taken by surprise by its rejection as surplusage.

The indictment does not sustain the 3rd, 4th and 6th specifications, or either of them, nor does it sustain so much of the 5th specification as relates to the assault. Therefore, they do not afford sufficient ground for arresting the judgment.

This brings us to a consideration of the second group of objections to the indictment which are based upon the claim that the defective allegation as to an assault renders the rest of the indictment so unintelligible that it fails to set forth that anyone was killed or murdered or that Chase killed or murdered Yoksus. There is no merit in these objections. Rejecting the defective charge of an assault the indictment alleges that "Carl R. Chase * * * him, the said Alex Yoksus, alias Alex York, wilfully and of his malice aforethought did kill and murder." This is an allegation that Carl Chase killed and murdered Alex Yoksus.

The indictment does not sustain the 1st, 2nd and 7th specifications, or either of them, nor does it sustain so much of the 5th specification as relates to the killing or murder of Yoksus. Therefore, they do not afford sufficient ground for arresting the judgment.

Bearing in mind that a motion for arrest of judgment can be sustained only upon the grounds specified therein, this leaves but one specification for consideration, to wit, No. 8. This specification is that it (the indictment) does not set forth the crime of murder in the language of the statutes of Maine as therein made and provided. Murder is defined by the statutes of this State as follows:— "Whoever unlawfully kills a human being with malice aforethought, either express or implied is guilty of murder,". It is true that in this case the indictment does not use the word unlawfully with respect to the killing. This, however, unaided by the statute hereinafter referred to (R. S. (1944), Chap. 132, Sec. 15), is unnecessary.

The allegations in this indictment that the respondent killed and murdered Yoksus "against the peace of said State, and contrary to the form of the statute in such case made and provided" are equivalent to an allegation that the killing was unlawfully done. *State* v. *Tibbetts* and *State* v. *Haley,* 86 Me. 189, 191. See also *State* v. *Merrill,* 132 Me. 103, and *State* v. *Skolfield,* 86 Me. 149.

It is to be noted, however, that although this indictment uses the phrase *"feloniously,* wilfully and of his malice aforethought" with respect to the assault, it omitted to repeat the word *feloniously* in the phrase setting forth the killing and murder. With respect thereto it alleges that he "wilfully and of his malice aforethought did kill and murder." The respondent takes the position that the word feloniously as first used does not carry through and apply to the killing. This omission to repeat the word feloniously is urged as a fatal defect in this indictment. Granting for the sake of argument that the respondent's position is correct to the extent that the word feloniously as used in the indictment is not descriptive of the killing, it by no means follows that this indictment is defective.

The statutes of this State do not prescribe a form of indictment for murder. However, R. S. (1944), Chap. 132, Sec. 11 provides that,

> "It is sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully, and of his malice aforethought kill and murder the deceased; and for manslaughter, to charge that the defendant did feloniously kill and slay the deceased without, in either case, setting forth the manner or means of death."

The respondent urges that this statute is in effect a statute prescribing a form of indictment for murder and says that because the present indictment omits the word *feloniously* in the portion thereof descriptive of the killing and murder it is fatally defective. This position on the part of the respondent is untenable. There is another section in the same chapter which conclusively answers this claim. R. S. (1944), Chap. 132, Sec. 15 in part reads:— "No indictment or complaint shall be quashed, or adjudged bad, nor shall the proceedings or judgment thereon be arrested, reversed, or affected by reason of the omission * * * of the words *'feloniously'* * * * if such omission * * * does not tend to his prejudice;". (Emphasis ours.)

At common law there were certain differences in the trial of felonies and misdemeanors and many of the old common law cases which hold that the omission of the word "feloniously" in indictments is fatal were founded upon this difference in practice. Especially was this true where conviction resulted in the imposition of the death penalty. These differences in the trial of felonies and misdemeanors have disappeared from our practice. The reason for the rule requiring the use of the word "feloniously" in indictments where the same is not included in the definition of the offense in the statute defining the same, has now disappeared. Even if required, the use of the word "feloniously" except where the same forms a part of the statutory definition of the offense is but a matter of form.

Apart from statute, when the use of the word "feloniously" in indictments is required as a matter of form, an indictment which fails to use it is subject to demurrer. However, being a matter of form and not of substance, even if its absence could be attacked by motion in arrest of judgment, it could only be so taken advantage of if specified as one of the reasons for arresting judgment. The omission of the word "feloniously" in this indictment is not specified as one of the reasons why the indictment should be arrested. Although better practice would dictate its use, and even if failure to use the word "feloniously" in describing the killing would have been open to attack by demurrer, it cannot be reached by *this* motion in arrest of judgment.

This indictment charges a substantive felony. It is murder both at common law and under our statute to unlawfully kill a human being with malice aforethought. This indictment charges that the respondent wilfully, and of his malice aforethought did kill and murder Yoksus. As already shown, the allegation that he did so contrary to the form of the statute is equivalent to an allegation that he did so unlawfully. The unlawful, wilful killing with malice aforethought is murder, and murder is a felony. Where

the acts charged in the indictment amount to a felony, it is unnecessary to allege that they were feloniously done. "Feloniously" describes the grade of the act rather than the act which constitutes the offense. It is not a distinct element of the crime. See *State* v. *Navarro*, 131 Me. 345, 349. See also *State* v. *Hyman*, 116 Me. 419. Inasmuch as this indictment contains allegations sufficient to characterize the offense as a felony, the failure to charge that the felony was feloniously committed can work no prejudice to the respondent. *State* v. *Leavitt*, 87 Me. 72. It would therefore have availed the respondent nothing had his motion in arrest specified the failure to repeat the word "feloniously" as a ground therefor.

The 8th specification is not sustained by the indictment and therefore it does not afford a sufficient ground for arresting the judgment.

As the motion in arrest of judgment could not be sustained on any of the grounds specified therein, there was no error on the part of the presiding justice denying the same and the exceptions thereto must be overruled.

That we have sustained the action of the presiding justice in denying this motion in arrest of judgment must not be taken as tacit approval by this court of the future use of this indictment as a precedent. Nor do we even intimate that the same was not demurrable on grounds which were either waived by going to trial on the merits, or which have not been specified as grounds for arresting judgment in the present motion.

Indictments for murder in this State are of the greatest simplicity, and should present no difficulties in draftsmanship. A form of indictment therefor sustained by this court appears in *State* v. *Verrill*, 54 Me. 408, and it was again sustained in *State* v. *Morrissey*, 70 Me. 401. The same form, together with one omitting the allegation of the assault, may be found in "Whitehouse and Hill Forms for Criminal Procedure," Page 160, a book of forms adapted to and writ-

ten for use under the practice in vogue in this State. These forms of indictments contain but a few lines and it should be a simple matter to check drafts of indictments with the forms. Errors will creep into legal documents despite care, but we cannot allow the carelessness exhibited in the drafting of this indictment for the most serious crime, save treason, known to the law, to pass unnoticed. We feel the more strongly impelled to voice this criticism because we now have before us another case which charges a *particeps criminis* with this respondent with this same murder in a separate indictment, which indictment is couched in exactly the same language as that in which this one is couched.

The record discloses that after the denial of the motion in arrest of judgment and the noting of exceptions thereto, the presiding justice imposed sentence upon the respondent. It is only in cases of conviction of crimes not punishable by imprisonment for life that the court has authority to impose sentence before the determination of exceptions or appeals by the Law Court. R. S. (1944), Chap. 135, Sec. 29. Sentence must be imposed anew. The mandate is

*Exceptions overruled.*
*Judgment for the State.*
*Case remanded for sentence.*