STATE OF MINNESOTA,

*v.*

WILLIAM H. HOGARD.

It is not error under our statute to charge that a petit larceny was committed "feloniously."

Some months after the property alleged to have been stolen came into the defendant's possession, he admitted that from the proof of identity then given to him he thought it the property of L., from whom it was alleged to have been stolen, and he offered to purchase it from L. *Held:* that this was evidence proper to be submitted to the jury as an admission of the defendant. What another jury has found on the question of ownership of the property, was not competent evidence in this case.

The recent possession of stolen property, is evidence to go to the jury of the defendant's guilt, and the court cannot properly say in any case that evidence of good character, or the fact that the possession of the stolen property was open and undisguised, is a full and satisfactory explanation of such possession.

It is for the jury to determine the relative weight to which each item of evidence is entitled.

Absolute certainty is not required to be made out by the evidence in any criminal case. Proof of guilt to a moral certainty, justifies a conviction.

It is not error in the court to charge the jury that they should consider and decide whether the relationship of the witnesses to the accused biased them in his favor in giving their evidence.

To justify a conviction in a criminal case the *corpus delicti* must be satisfactorily proven.

The defendant was indicted in June, 1865, by the grand jury of Wabashaw county, for the crime of petit larceny. The indictment was in the form prescribed by statute, and charged that the defendant, &c., " did *feloniously* steal, take and carry away, one set of black mounted double harness, of the value of thirty dollars, the property of O. A. Leland," &c. The defendant was convicted, and appeals to this court for a new trial. The grounds of such appeal, and the questions raised on the trial, fully appear in the opinion of the court.

S. L. CAMPBELL, and H. J. HORN, for Appellant.

. WILLIAM COLVILLE, Attorney General, for Respondent.

*By the Court.*—WILSON, CH. J. The defendant having been indicted and convicted of the crime of petit larceny in the District Court of Wabashaw County, appeals to this Court for a new trial, alleging as the ground of appeal, error in law and insufficiency of the evidence to justify the verdict.

The first error alleged is that the indictment charges the defendant with "*feloniously*" stealing and carrying away property of the value of thirty dollars. Our statute defines a felony to be "a public offense punishable with death, or which is, or in the discretion of the court may be, punishable by imprisonment in the State prison."

The crime charged in the indictment is not a felony under our statute; and therefore, it is said, it was error to charge that the offense was "*feloniously*" committed.

Our statute declares that the word "feloniously" means "criminally," and that the term "infamous crime," includes every offense punishable with death or imprisonment in the State prison."

The word feloniously as thus defined is applicable to misdemeanors as well as felonies—the term "infamous crime" being used to characterize those offenses which are statutory felonies.

But beyond this the indictment is in the form authorized by the statute and is therefore sufficient.

On the trial George Leland testified "Hogard (defendant) admitted to me he thought it was my harness." The following question was then asked the witness: "What were these admissions?" to which he answered, "from the evidence and proof of identity given he thought the harness was Leland's." (Leland the father of this witness is the person from whom it is alleged the harness was stolen.) Before the answer the defendant's counsel objected to "all proof of admissions of defendant as to what defendant thought about ownership, as irrelevant, immaterial and improper, and not tending to prove a crime." The objection was overruled and exception taken to the ruling. The witness then farther said "that from the proof of identity given, defendant thought the harness (found in his possession) was the harness" (alleged to have been stolen from Leland) and wanted to buy the same from the witness.

These admissions as to what the defendant thought as to the ownership of the harness, were made some months after it came into his possession, and the evidence on which his belief or opinion on this point was based, was offered at the time he made the admissions.

While we think this evidence was entitled to very little weight, it was proper to be submitted to the jury as an admission of the defendant.

The Court properly excluded evidence to show what another jury found on the question of ownership. The verdict and judgment in the civil action was only binding between the parties thereto, and their privies.

The proof in this case shows the harness in question in possession of the defendant, very soon after Leland lost his; indeed the defendant does not deny this fact; by his own witnesses he attempted to prove that he had it before the date of the loss of Leland's.

There is no question therefore, but that the possession was so recent as to throw on the defendant the burden of explaining it, if the jury came to the conclusion that the harness found in his possession was that taken from Leland.

The defendant's counsel asked the Court to charge the jury "That the open, undisguised and unconcealed possession of stolen property, and where no concealment is attempted, and where such property is claimed to have come into the possession of the defendant honestly, and as a purchaser for a valuable consideration, does not raise the presumption of guilt against the defendant." Also, "That the presumption of guilt, rising from the open, undisguised and unconcealed possession of stolen property, is rebutted by evidence of good character on the part of the defendant." The Court properly refused to charge the jury as requested in either proposition. The recent possession of stolen property is evidence to go to the jury of the possessor's guilt; in some cases it may be very convincing, in others very unsatisfactory evidence; its weight in any given case cannot be measured by that attached to it in any other.

The character of the property, the distance which it is

conveyed, the time transpiring after the larceny before it is found in the defendant's possession, his words, acts or silence when it is found, and numerous other concomitant circumstances characterize each case, and distinguish it from every other. What weight should be given to this evidence, when considered as a part of a chain of circumstances, is a question solely for the jury, and the court cannot properly say in any case, that the evidence of good character, or the fact that the possession of stolen property is undisguised and open, is a satisfactory explanation of such recent possession; it is for the jury to determine the relative weight to which each item of evidence is entitled.

The defendant's counsel asked the court to instruct the jury that "it must be established clearly and without any doubt, that the property stolen is the identical property found in the possession of the defendant." It is a well settled rule of criminal law, that whatever is the nature of the crime, the proof must be in all cases such as to show the defendant's guilt to a moral certainty; absolute certainty is not required. It is therefore usual to charge the jury that if the evidence leaves any reasonable doubt they must acquit.

We take it for granted that the court below so charged, the whole of the charge not being given. The charge asked for by the defendant's counsel requiring a greater degree of certainty, was properly refused. There was no error in the charge "that the jury should consider and decide whether such relationship (of any of the witnesses to the complaining witness or defendant) acted upon the witnesses, or either of them, to make false statements in their evidence, or whether such relationship influenced said witnesses and swerved them from the truth." It was for the jury to take into account any bias which the witnesses might have on any account, and to determine whether there was any bias. But the defendant

must have a new trial on account of the insufficiency of the evidence to justify the verdict. There is no evidence in the case showing that a larceny had been committed. The owner of the harness was not called as a witness, nor did any witness testify that said harness had been stolen, or to a state of facts from which it would necessarily be inferred. It is a rule of criminal law to require satisfactory evidence of the *corpus delicti*, and such not having been adduced in this case, the verdict must be set aside and a new trial ordered.