STATE OF MAINE

vs.

SAMUEL HYMAN and MORRIS SHIFFER.

Sagadahoc.    Opinion November 15, 1917.

*Indictment.    Using words "feloniously and maliciously" in an indictment where statute reads "wilfully and maliciously."    General rule as to necessity of indictment following wording of statute.*

This case comes up on exceptions.  The respondents were indicted under Sec. 1, Chap. 121 of the R. S., for setting fire to a building in Richmond, occupied in part by themselves as store and in part as a dwelling house.  The statute under which the indictment was found reads as follows:  "Whoever wilfully or malici-ously sets fire to or causes fire to be set to the dwelling house or any building," etc.

The indictment reads as follows:  "The jurors of said State, upon their oath present, that Samuel Hyman and Morris Shiffer feloniously and maliciously did set fire to a certain building," etc.

The respondents demurred.  The presiding Justice overruled the demurrer.  To this ruling exceptions were taken.  Is the indictment sufficient?

*Held:*

(1)   That the word "wilfully" is well defined in criminal law and when used as descriptive of a criminal offense involves evil intent or legal malice.

(2)   That the word "felony" or "feloniously" is of a very different character and has no fixed meaning except where it is defined by statute.

(3)   That it is not descriptive of any particular offense.

(4)   That where the statute makes criminal the doing of an act, "wilfully," it is not suffiicent for the indictment to charge that it was done "feloniously."  The words are not synonymous, equivalent or of the same import.

Indictment brought under Chap. 121, Sec. 1, R. S., 1916.  Defend-ants filed demurrer, which was joined by attorney for State. Demurrer overruled pro forma by Justice presiding; to which ruling defendants filed exceptions.    Exceptions sustained.

Case stated in opinion.

*Edward W. Bridgham,* County Attorney, for State.

*Harry Manser, and McGillicuddy & Morey,* for defendants.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, JJ.

SPEAR, J. This case comes up on exceptions. The respondents were indicted under Sec. 1, Chap. 121 of the R. S., 1916, for setting fire to a building in Richmond, occupied in part by themselves as store and in part as a dwelling house. The statute under which the indictment was found reads as follows: "Whoever willfully or maliciously sets fire to or causes fire to be set to the dwelling house or any building, occupied in part for dwelling or lodging house purposes and belonging wholly or in part to himself or to another, or to any building adjoining thereto owned wholly or in part by himself or another, with intent to burn such dwelling house or building shall be punished by imprisonment for not less than one nor more than twenty years."

The indictment reads as follows: "The Jurors of said State, upon their oath present, that Samuel Hyman and Morris Shiffer, both of Richmond, in said county of Sagadahoc, at Richmond, in said county of Sagadahoc, on the twenty-second day of May in the year of our Lord one thousand nine hundred and sixteen, feloniously and maliciously did set fire to a certain building located in said Richmond and occupied in part for a dwelling house by Mrs. George Pushard of said Richmond, with intent to burn said dwelling house, and said dwelling house was thereby burned in the night time of said day, against the peace of the State, and contrary to the form of the statute in such case made and provided."

The respondents demurred, reserving the right to plead over. The presiding Justice overruled the demurrer. To this ruling exceptions were taken. Is the indictment sufficient?

It will be observed that the words of the statute are "whoever willfully and maliciously sets fire."

The words of the indictment are that the defendants did "feloniously and maliciously set fire." The word "feloniously" is substituted for the word "willfully." Do the words "feloniously and maliciously" constitute a sufficient allegation under the statute which reads "willfully and maliciously." Can the word "feloniously" be substituted for the word "willfully"?

While it is undoubtedly better practice to set out any indictable offense fully described in the statute in the language of the statute, yet the rule is well established in this State that the offense may be

set out in language equivalent to that of the statute, or in words of more extended significance. "An indictment should charge the offense in the words of the statute or in words equivalent thereto." *State* v. *Hussey,* 60 Maine, 410; *State* v. *Lynch,* 88 Maine, 195. "Feloniously" is obviously not equivalent to "willfully." Therefore, the direct question arises, is the word "feloniously" of a more extended significance than the word "willfully?" Does it embrace the meaning of the word "willfully," and more? We think not.

The constitution of Maine provides: "In all criminal prosecutions the accused shall have a right . . . . . to demand the nature and cause of the accusation. . . . ." The accused, therefore, if indicted for an offense under the statute, has a right to know the nature of the offense, as described in the statute. The word "willfully" is well defined in criminal law and when used as descriptive of a criminal offense involves evil intent or legal malice. When used as descriptive of such an offense the term becomes an essential part of the law of the case. See Words and Phrases, Second Series, title— "Willful, Evil Intent."

The word "felony" or "feloniously" is of a very different character and has no fixed meaning. "Felony in American law, has no very definite meaning except in cases where it is defined by statute." Words and Phrases, Vol. 2, 522. The word "felony" is not the name of any descriptive offense. It is a generic term employed to distinguish certain high crimes, as murder, robbery, rape, arson and larceny from other minor ones known as misdemeanors." *State* v. *Doran,* 99 Maine, 333. "The term 'felony' includes every offense punishable by imprisonment in the state prison." R. S., 1916, Chap. 133, Sec. 11.

It would seem, therefore, that the word "feloniously" is simply used to characterize any offense, punishable by such imprisonment. It is as applicable to arson as to breaking and entering; to breaking and entering as to murder, although different offenses with different penalties. It is a general word used to distinguish the various classes of offenses called felonies from those called misdemeanors, and is not intended to be descriptive of any particular offense. "The word 'feloniously' is employed to classify offenses, but is not a distinct element of a crime. 78 Mo., 240. "The word 'feloniously' is one of those legal adjectives that have grown out of the common law procedure. The word, itself, seems to have no special inherent meaning." *State* v. *Hagard,* 12 Minn., 293.

In no authority do we find the words used synonymously. In a few cases it has been held that an indictment was not bad where the word "feloniously" had been substituted for the word "willfully."

But the weight of authority and reason hold to the contrary. This precise case has been decided in New Hampshire in *State* v. *Gove and Wife* and *State* v. *Card*, 34 N. H., 510. The New Hampshire statute reads: "If any person shall willfully and maliciously burn." Our statute reads: "whoever willfully and maliciously sets fire." These statutes are identical in meaning and in the words used to describe the offense defined. The syllabus states the decision correctly: "Where a statute makes criminal the doing of the act, 'willfully and maliciously' it is not sufficient for the indictment to charge that it was done 'feloniously and unlawfully' or 'feloniously, unlawfully and willfully;' these latter terms not being synonymous, equivalent, of the same legal import, or substantially the same as 'willfully and maliciously.'" Our court in *State* v. *Hussey*, 60 Maine, 410, have referred to this case with approval.

We think this the safer rule to follow. It is better to hold the indictment bad, part of the time, than to make the pleading bad, all the time.

*Exceptions sustained.*