**Wayne F. DOW**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Oct. 10, 1972.

Bernstein, Shur, Sawyer & Nelson by Gregory A. Tselikis, Portland, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

On appeal. Appellant and one Richard A. Morgan were indicted for murder and robbery, to each of which charges both pleaded not guilty. Since both the appellant and Morgan could have been joined as co-defendants in each indictment, a Justice of the Superior Court ordered both indictments to be tried together. M.R.Crim.P., Rule 13. After the jury was impanelled, openings made, and preliminary testimony introduced, both defendants requested the Court to allow them to change their pleas on the robbery indictments from not guilty to guilty, which pleas were tendered and accepted. The State then dismissed the murder indictments.

Pursuant to 14 M.R.S.A. § 5502 (Post-conviction habeas corpus), both defendants,

independently, filed petitions for relief, both of which were denied and from which appeals were taken. Morgan's appeal was recently decided by this Court. Morgan v. State, (Me.1972) 287 A.2d 592.

The appellant, acting through his Court-appointed counsel, specified six points which would be relied upon in support of his appeal. We will consider them individually.

### Point A

"A. The indictment purporting to charge Petitioner with the crime of robbery was fatally defective in that it failed to allege that the taking was felonious and failed to state with particularity the description of the property allegedly taken and the location of the alleged offense."

The indictment is in this language:

"THE GRAND JURY CHARGES:

On or about the 17th day of February, 1969, in the County of Cumberland, State of Maine, Wayne F. Dow did by force and violence take, steal and carry away the property of Samuel Hider, to wit, one hundred and twenty-five ($125.-00) dollars from the person of Samuel Hider with the intent to permanently deprive the owner of his property."

This indictment is identical in phraseology with the indictment in *Morgan.* In sustaining the adequacy of that indictment the Court effectively disposed of the appellant's argument that the indictment "failed to state with particularity the description of the property allegedly taken and the location of the alleged offense."

Dow, unlike Morgan, also claimed the indictment was defective because it failed to allege that the taking was felonious.

Me.Rev.Stat., ch. 172, § 38 (1840), provided:

"No indictment . . . shall be quashed . . . by reason of the omission of the word, 'feloniously,' or of the words, 'force and arms,' or the words, 'against the peace,' or the omission to charge any offence to have been committed, contrary to the form of the statute or statutes; provided, that such omission or misstatement do not tend to the prejudice of the defendant."

This statutory policy continued with minor variations in phraseology from 1840 to December 1, 1965, when the legislative repeal of 15 M.R.S.A. § 755 became effective.[1] P.L.1963, ch. 226, § 1 (now 4 M.R.S.A. § 9) gave the Supreme Judicial Court the power to "prescribe, repeal, add to, amend or modify rules of pleading, practice and procedure with respect to any and all proceedings through final judgment, review and post-conviction remedy in criminal cases . . . ." and also provided that "all laws in conflict therewith shall be of no further force or effect."

Effective December 1, 1965, the Supreme Judicial Court promulgated Rules of Criminal Procedure, including an Appendix of Forms. Rule 58 provides:

"The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

Form 6 establishes the necessary allegations for a robbery indictment which, if followed, would comply with the mandate

---

1. "No indictment or complaint shall be quashed or adjudged bad, nor shall the proceedings or judgment thereon be arrested, reversed or affected by reason of the omission or misstatement of the title, occupation, estate or degree of the accused; of the name of the municipality or county of his residence, or of the words 'feloniously,' 'force and arms,' 'against the peace' or 'contrary to the form of the statute,' if such omission or misstatement does not tend to this prejudice . . . ."

of M.R.Crim.P., Rule 7(c), requiring the indictment to be a "plain, concise and definite written statement of the essential facts constituting the offense charged", and need not contain "any other matter not necessary to such statement." The indictment before us utilizes each allegation required to comply with Form 6.

Since the Legislature authorized the Supreme Judicial Court to promulgate rules of criminal *procedure*, we must inquire whether the use of the word "feloniously" is mandated by the substantive criminal law of this State, or merely serves a procedural purpose.

In State v. Leavitt, (1894) 87 Me. 72, 32 A. 787, the word "feloniously" was characterized as a procedural device used to distinguish felonies from misdemeanors. In 1917 in State v. Hyman, 116 Me. 419, 421, 102 A. 231, 232, the Court defined the word "feloniously" in this language:

"It is a general word used to distinguish the various classes of offenses called felonies from those called misdemeanors, and is not intended to be descriptive of any particular offense. 'The word "feloniously" is employed to classify offenses, but is not a distinct element of a crime.' State v. Snell, 78 Mo. 240. 'The word "feloniously" is one of those legal adjectives that have grown out of the *common-law procedure*. The word itself seems to have no special inherent meaning.' State v. Hogard, 12 Minn. 293 (Gil.191)." (Emphasis supplied.)

In State v. Chase, (1953) 149 Me. 80, 91, 99 A.2d 71, 77, the Court used this language:

" 'Feloniously' describes the grade of the act rather than the act that constitutes the offense. It is not a distinct element of the crime. . . . "

■ We have no hesitancy in concluding that the word "feloniously" is unnecessary as a matter of substantive law in an indictment charging robbery. The Su-

preme Judicial Court did not exceed its authority by excluding it from the phraseology of Form 6.

Point "A" is completely without merit.

### Point B

"B. The Petitioner's plea was not obtained pursuant to Rule 11 of the Maine Rules of Criminal Procedure and Petitioner was thereby deprived of due process of law."

■ We held in *Morgan*, on identical facts, that there was no violation of Rule 11 of the Maine Rules of Criminal Procedure. No useful purpose would be here served by repeating the careful and complete analysis given this argument in *Morgan*. Furthermore, the entire record, including that before the Justice below, fully supports his statement: "There is ample evidence to sustain a finding that the plea was made freely, knowingly and understandingly, with full awareness of the consequences." *See* Cote v. State, (Me.1972) 286 A.2d 868. Dow takes nothing on this point.

### Point C

"C. The Petitioner's sentence is invalid in that the presiding Justice improperly considered matters not part of the record before the Court."

The sentence here imposed was within statutory limits. The record is silent as to any suggestion that the sentencing judge acted on false information or that he was misinformed as to any material fact. Appellant, and his Counsel, were given every reasonable opportunity to address the Court. He was aware of the contents of the pre-sentence investigation, the record disclosing this colloquy:

"The Court: Did you find anything [in the pre-sentence report] which is not true or which you would like to explain to the Court?

Mr. Dow: No, Your Honor.

The Court: You did observe in the pre-sentence investigation a copy of your criminal record?

Mr. Dow: Yes, Your Honor.

The Court: Is that correct?

Mr. Dow: Yes, it is, Your Honor."

■ There is not the slightest evidence that the Justice who sentenced Mr. Dow abused the wide range of discretion given him to determine the kind and extent of punishment to be imposed. Green v. State, (Me.1968) 247 A.2d 117.

### Point D

"D. The Petitioner's imprisonment is unlawful in that he was under the influence of alcohol at the time of the alleged offense and, thus, legally incapable of committing the crime charged."

■ *Assuming* that voluntary intoxication could negate the specific intent necessarily an essential element of robbery and, therefore, might be a defense at trial, it is not available as a basis for post-conviction relief. While this argument might be advanced, following a guilty verdict, on appeal from the conviction, it requires no citation of authority to repeat what we have so often said, namely, post-conviction habeas corpus is not a substitute for appeal. In any event, his "valid plea of guilty had settled the issue. . . ." (*Morgan, supra* at 610), and is a waiver of all errors which are not jurisdictional. Cookson v. State, (Me.1968) 237 A.2d 589.

### Point E

"E. The Petitioner's plea of guilty was invalid in that it was not offered voluntarily, but was obtained by fear and a sense of hopelessness instilled by counsel for Petitioner."

The Justice below, in his findings, stated: "There is no evidence of probative force to sustain his [Dow's] claim that the plea was induced by fear or hopelessness. . . ." The appellant has the burden of showing that this finding was "clearly erroneous," which he has failed to do. Cunningham v. State, (Me.1972) 295 A.2d 250.

### Point F

"F. Petitioner was deprived of his right to a speedy public trial."

Mr. Dow was arrested on February 9, 1969, and charged with murder. Ultimately, three other individuals (including Morgan) were likewise charged with this murder. (*See* State v. Simpson, (Me.1971) 276 A.2d 292.) The robbery indictment was returned April 8, 1969, and, following disposition of murder charges against two of the other three, Dow was brought to trial on September 26, 1969.

Between the dates of arrest and trial, Mr. Dow was continually represented by counsel. The docket indicates that Mr. Dow requested new counsel on March 27, 1969, which request was granted. On April 9th, indigency being established, counsel was reappointed on both charges. On May 27, 1969, a motion for return of seized property and suppression of evidence was filed and, on July 7, 1969, appellant filed a request for a search warrant. As appellant's counsel put it: "Well, there were some preliminary hearings, as I recall in District Court, suppression of evidence and so forth and so on; that ran well into the summer, I think in August. They weren't disposed of before the September term, I think." On September 15, 1969, Mr. Dow's counsel was given a transcript of the testimony from one of the previous murder trials, of obvious value as a defense tool.

■ It is clear that the State did not unnecessarily delay the trial date. Furthermore, any delay, if such there was, was at either the appellant's instigation or for

his benefit. The appellant made no demand for trial, nor did he file any motion to dismiss the indictment. Mr. Dow received the "speedy trial" guaranteed by art. 1, § 6 of the Constitution of Maine, as implemented by M.R.Crim.P., Rule 48(b), which provides:

> "If there . . . is unnecessary delay in bringing a defendant to trial, the court may *upon motion of the defendant* dismiss the indictment, information, or complaint." (Emphasis supplied.)

For an analysis of the application of Rule 48(b) see State v. O'Clair, (Me.1972) 292 A.2d 186.[2]

■ We note, of course, that the actual delay here between indictment and trial was slightly over five months, a time span insufficient to give rise to any presumption, either conclusive or rebuttable, of prejudice and casting upon the State no burden to demonstrate the lack of actual prejudice. State v. Brann, (Me.1972) 292 A.2d 173.

There is no merit to this point.

*Conclusion*

We agree with the Justice below when he concluded:

> "It is evident from this hearing that Dow was accorded the full process of law, but was shattered by the sentence imposed when he was expecting a lesser sentence. He has no legal grounds for complaint or relief."

The entry is:

Appeal denied.

2. There being, on the facts before us, no evidence of unnecessary delay, of a demand for trial, or of actual prejudice to the defendant because of delay, we do not feel compelled to decide whether this issue is properly raised in a petition for post-

conviction habeas corpus. M.R.Crim.P., Rule 48(b) establishes a remedy from which an appeal may be taken in the event of an adverse ruling, as was the case in State v. Brann, *supra*, and in State v. O'Clair, *supra*.