**STATE of Maine**

**v.**

**Robert O. MOWER.**

Supreme Judicial Court of Maine.

Jan. 10, 1973.

Foahd J. Saliem, County Atty., Oakland, for plaintiff.

Doyle & Fuller by Jon R. Doyle, Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

This is an appeal from a judgment rendered December 17, 1970 upon a jury verdict finding the appellant guilty of a violation of 17 M.R.S.A., Sec. 3151 (Rape).

Appellant contends that the indictment charging him with the crime of rape is fatally defective in that it does not contain the word "feloniously." This contention is without merit. Dow v. State of Maine (Me.1972), 295 A.2d 436.

The argument is advanced that the verdict was contrary to the evidence and was not supported by substantial evidence. No useful purpose will be served by

recording the facts constituting the forcible rape of the complainant. Suffice it to say that there was sufficient credible evidence to permit the jury to find beyond a reasonable doubt that the complainant was compelled to submit to an act of sexual intercourse with the defendant by acts of physical force and threats of violence and bodily harm. Appellant further contends that an instruction given to the jury, although not objected to, was so misleading as to constitute manifest error and deprive the appellant of a fair trial. The challenged instruction reads as follows:

> "The State must prove to your satisfaction beyond a reasonable doubt that the carnal knowledge of the victim occurred by force and without the consent of the victim. And the force which the State must prove may be either actual physical force or threat of force. If you find that the defendant inflicted upon the victim fear of bodily injury or death and that such fear was continuing at the time of the offense, then that fear of force is sufficient force to constitute that element of the offense."

We think the applicable law is clearly stated in the text of 65 Am.Jur.2d 764, Sec. 4 in these terms:

> "The term 'by force' does not necessarily imply the use of actual physical force to compel submission of the victim to sexual intercourse, but it may mean threatened force or violence if the female does not comply. The threat of such force or violence may create a real apprehension of dangerous consequences, or bodily harm, in order to prevent resistance or extort the consent of the victim, and if it so overpowers the mind of the victim that she dare not resist, it must be regarded as in all respects equivalent to force actually exerted for the same purpose."

The rule as thus stated was applied in Davis v. People (1944), 112 Colo. 452, 150 P.2d 67, 70; State v. Beck (Mo.1963), 368 S.W.2d 490, 493; and State v. Thompson (1946), 227 N.C. 19, 40 S.E.2d 620, 623. It fully accords with the statements contained in State v. Dipietrantonio (1956), 152 Me. 41, 51, 122 A.2d 414, 420. The instruction as given was neither misleading nor erroneous.

Lastly, the appellant seeks to assert a constitutional deprivation in that, although execution of his sentence was stayed and appellant was released on bail, there was a delay of eleven months before counsel was appointed by the Court to prosecute his appeal. We decline to reach this issue on this record on direct appeal.

The entry will be

Appeal denied.