**STATE of Maine**

v.

**Earland F. PERRY.**

Supreme Judicial Court of Maine.

Dec. 19, 1979.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Marshall T. Cary, Bangor (orally), James S. Horton, Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

GLASSMAN, Justice.

The defendant was convicted of rape by force following a jury trial in the Superior Court, Penobscot County. Because of error in the court's instructions to the jury, we set aside the judgment.

The victim is a twenty-one-year-old woman crippled by cerebral palsy. On August 19, 1978, while walking on a street near her home in Bangor, she was invited by the defendant to sit on his front porch. He then offered to buy her a Coke. The defendant left to purchase the soft drink and while he was away the victim remained on the porch. After his return the defendant told the woman to go into a bedroom in the house, threatening to kill her. She entered the house and went into a dark bedroom where the defendant removed his own clothing and the victim's pants and underwear. The defendant again threatened to kill the victim and pushed her onto the bed and lay on top of her. The woman was unable to state whether she and the defendant had sexual intercourse. The victim began screaming and asking the defendant to stop because he was hurting her.

A neighbor who had observed the defendant and the victim on the porch called the police when they went into the house. She

again called the police when she heard the victim screaming.

Apparently as a result of these phone calls, two policemen arrived and entered the house proceeding to the bedroom. The two officers saw the defendant on top of the victim. One of the officers testified that he saw the defendant make a forward thrust with his hips. The officers then took the defendant into custody.

 The indictment upon which the defendant was tried charged him with rape committed by force in violation of 17–A M.R.S.A. § 252(1)(B)(1).[1] The presiding Justice instructed the jury on the doctrine of constructive force as recognized by this Court in *State v. Mower*, Me., 298 A.2d 759, 760 (1973). That case was decided before the adoption of our new Criminal Code.[2] In *State v. Colson*, Me., 405 A.2d 717, 720 (1979), we decided that the doctrine of constructive force has no application to the definition of rape in the Maine Criminal Code and that the "statutory scheme would be disrupted if the phrase 'by force and against the person's will' were construed to mean anything beyond actual physical force." Therefore, the court's instruction was erroneous.

The defendant neither submitted any proposed jury instructions nor objected to the court's instructions to the jury. Under such circumstances, we must examine the record to determine whether this erroneous instruction constituted manifest error. *See, e. g., State v. Thibodeau*, Me., 353 A.2d 595, 605 (1976); *State v. Northup*, Me., 318 A.2d 489, 499 (1974). Upon our examination of the entire record, we find there was not sufficient evidence presented to support a finding beyond all reasonable doubt of the use of actual physical force. In light of the court's instruction on constructive force, the jury could have convicted the defendant only upon the erroneous theory that a threat of force is the equivalent, in the eyes of the law, to actual force. Thus, the giving of the erroneous instruction was manifest error which deprived the defendant of a fundamentally fair trial.[3]

The entry is:

Appeal sustained.

Judgment of conviction set aside.

POMEROY and ARCHIBALD, JJ., did not sit.

---

1. 17–A M.R.S.A. § 252 provides in part:
 1. A person is guilty of rape if he engages in sexual intercourse:

 . . . . .

 B. With any person, not his spouse, and he compels such person to submit:
 (1) by force and against the person's will . . .

2. Our new Criminal Code was enacted by P.L. 1975, ch. 499, effective May 1, 1976.

3. M.R.Crim.P. 52(b) speaks of "obvious errors or defects affecting substantial rights." This concept does not differ from the standard of "manifest error" which we have traditionally applied. *See generally* 3 C. Wright, Federal Practice and Procedure § 856 (1969).